IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NIKITA WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CHILD AND FAMILY SERVICES, TERRENCE LYNCH, SARAH GROTBO, MARY GETTEL, MARY JO JEFFRIES, ANGELA MYERS, and LARRY LAFONTAIN,<br><br>Defendants. | CV-15-04-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Plaintiff Nikita Woods filed a Complaint on January 7, 2015. Ms. Woods alleged Defendants illegally took her son and daughter from her. Doc. 2. Ms. Woods's Complaint failed to state a claim upon which relief may be granted because it named an immune defendant and failed to allege essential elements of the claims. Ms. Woods had the opportunity to file an amended complaint. On May 20, 2015, Ms. Woods filed an Amended Complaint. Doc. 6.

To the extent Ms. Woods alleges Defendants violated the rights of her mother, and James Dean Bird, Jr., she does not have standing, and these claims should be dismissed. Defendants Lynch, Jeffries, and M[e]yers were not acting under color of state law and should be dismissed. The Department of Child and Family Services and Judge Macek are immune from suit and should also be dismissed. Ms. Woods has failed to state a claim against Defendant Lafontain; he should be dismissed. The unlawful arrest claim against Officers Halloran and Klundt is time barred and should be dismissed.[1] The remaining Defendants must respond to Ms. Woods's slander and due process claims.

## JURISDICTION

Ms. Woods filed this action in federal court, in the Great Falls Division of the District of Montana. Doc. 2. Venue is proper as the alleged wrongs were committed in Cascade County, Montana. Local Rule 3.2(b); Mont. Code Ann. § 25-2-122(1)(b). The Court has personal jurisdiction over the parties, all of whom are "found" in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Ms. Woods attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 42 U.S.C. § 1983. The case was assigned to Hon. Brian Morris, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1); Doc. 5.

Ms. Woods also asserts jurisdiction under 28 U.S.C. § 1332 because all the

---

[1] Ms. Woods improperly refers to the Officers as Officers Halloram and Klunt.

defendants allegedly live in a different state from her. All defendants except Ms. Jeffries are from Montana, as is Ms. Woods, so there is no diversity of citizenship, and this statute is inapplicable.

## STATUS

As Ms. Woods is proceeding in forma pauperis, the Court must review her Amended Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Amended Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). This is that review.

## PARTIES

Ms. Woods is proceeding in forma pauperis and without counsel.

In her Amended Complaint, Ms. Woods lists the following as Defendants: Sarah Grotbo, a caseworker at the Department of Child and Family Services (the Department) and a social worker at the Benefis Sletten Cancer Institute; Mary Gettel, a CASA-CAN volunteer; Terrance Lynch, Ms. Woods's ex-partner; Mary Jo Jeffries, a clinical psychologist; Angela M[e]yers, a licensed clinical professional counselor; Larry Lafountain, a Montana public defender; Lori Clark, a supervisor at the Department; Officers Klundt and Halloran, police officers with the Great Falls Police Department; and Montana Eighth Judicial District Judge Julie Macek. Doc. 6 at 5-6.

# STANDARDS

## A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## B. Leave to amend

The Court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without

granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

### C. Fourteenth Amendment—Due Process

The Due Process Clause of the Fourteenth Amendment "guarantees more than fair process." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Due process "includes a substantive component that provides heightened protection against government interference with certain fundamental rights and liberty interests." *Id.* "[T]he interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests." *Id.* However, this interest is not absolute, and the State also has an interest in the health and welfare of children. *See Woodrum v. Woodward Co.*, 866 F.2d 1121, 1125 (9th Cir. 1989). "There is no question that neglectful parents may be separated from their children," and the question is "whether the means used to achieve [the State's] ends are constitutionally defensible." *Brown v. Montana*, 442 F.Supp.2d 982, 991 (D. Mont. June 12, 2006) (citing *Stanley v. Ill.*, 405 U.S. 645, 651 (1972)).

Government officials must "obtain prior judicial authorization before intruding on a parent's custody of her child unless they possess information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably

necessary to avert that specific injury." *Brown*, 442 F.Supp.2d at 992 (citing *Mabe v. San Bernardino Co., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001)).

### D. Fourteenth Amendment—Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the law,' which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To state a Section 1983 claim for a violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Id.* (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999)). "[T]he disabled do not constitute a suspect class" for equal protection purposes; therefore, "a governmental policy that purposefully treats the disabled differently from the non-disabled need only be rationally related to legitimate legislative goals to pass constitutional muster." *Id.* (citing *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996)) (internal quotation marks omitted).

### E. Fourth Amendment—Unreasonable Seizures

The Fourth Amendment of the United States Constitution prohibits

unreasonable searches and seizures. U.S. Const. amend. IV.

A person is "seized" when, by means of physical force or a show of authority, her freedom of movement is restrained. *United States v. Mendenhall*, 446 U.S. 544 (1980); *Doe ex rel. Doe v. State of Hawaii Dep't of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003) (seizure occurs "when there is a restraint on liberty to the degree that a reasonable person would not feel free to leave"). The statute of limitations for a claim of false arrest or imprisonment begins to run when the imprisonment comes to an end. *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

The applicable statute of limitations for Section 1983 claims is governed by state law with reference to the tort personal injury statute of limitations. *Id.* at 387. Under Montana law, the statute of limitation for tort personal injuries is three years. Mont. Code Ann. § 27-2-202.

### F. Section 1983 Claims

#### 1. Under Color of State Law

An action under Section 1983 requires a plaintiff to allege facts that show: (1) that the defendants acted "under color of state law" or authority; and (2) that the defendants have deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *Sykes v. State of Cal. (Dept. Of Motor Vehicles)*, 497 F.3d 197, 200 (9th Cir. 1974) (internal citations omitted).

Generally, private actors are not acting under color of state law. *Price v. State*

*of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). "[T]he conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Id*. (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936-37 (1982)). Conduct is fairly attributable to the State, when: (1) the deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) the party charged with the deprivation is a state actor, has acted together with or has obtained significant aid from state officials, or has performed conduct otherwise chargeable to the State. *Id*.

Constitutional claims are "personal" to the injured party and cannot be asserted vicariously. *Johns v. Co. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citing *United States v. Mitchell*, 915 F.2d 521, 526 n. 8 (9th Cir. 1990)).

### 2. Eleventh Amendment

The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for money damages absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

States, state agencies, and state officials sued officially are not "persons" subject to suit under section 1983. *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (citing *Cortez v. Co. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002)).

### G. Judicial Immunity

A judge is generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). A judge is not immune for nonjudicial actions or for actions taken in the complete absence of all jurisdiction. *Id.* at 11.

### H. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). A plaintiff must allege facts sufficient to support an inference that: (1) counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

# ALLEGATIONS

Most of the factual allegations in the Amended Complaint relate to an altercation between Ms. Woods and Terrance Lynch in July 2011. Ms. Woods alleges Officers Klundt and Halloran wrongfully arrested her and charged her with partner member assault after the altercation. Doc. 6 at 20.

The gravamen of her Amended Complaint seems to be that Defendants "illegally terminated [her] parental rights" to her daughter and the Montana Supreme Court "wrongfully ruled" in favor of the Department on appeal. Doc. 6 at 8. Ms. Woods alleges Sarah Grobtbo failed to reunify Ms. Woods with her daughter, lied to the courts about Ms. Woods's progress with her treatment plan, and illegally used Mary Jo Jeffries's psychiatric evaluation against her. Doc. 6 at 11-12. She alleges Mary Gettel "mad[e] up false reports and slander" against Ms. Woods. She alleges Terrance Lynch "ruin[ed] her family life by getting [her] wrongfully arrested" and by "keeping [her] from having her daughter." Doc. 6 at 18. She alleges Jeffries illegally connected the psychiatric evaluation results from the proceeding involving Ms. Woods's daughter to the proceeding involving her son and "mentally discriminat[ed]" against her. She alleges Angela M[e]yers lied, saying Ms. Woods did not attend her appointments.

Ms. Woods alleges Larry Lafountain, her public defender, did not help her with issues involving the proceeding and did not return her phone calls. Doc. 6 at 19. Ms.

Woods alleges Lori Clark was part of a "cover up" involving the termination of parental rights proceeding regarding her son. She alleges Clark harassed and stalked her and refused to return her children to her. Doc. 6 at 20. Ms. Woods alleges Judge Macek wrongfully ruled in favor of the Department. Doc. 6 at 21.

Ms. Woods requests her daughter be placed back in her care. Doc. 6 at 23.

## ANALYSIS

### A. Department of Child and Family Services

The Department of Child and Family Services has Eleventh Amendment immunity from suit in federal court, and it is not a "person" for purposes of 42 U.S.C. § 1983. In the March 12, 2015 Order, Doc. 5, the undersigned advised Ms. Woods that the Department of Child and Family Services would be recommended for dismissal in a subsequent order. This is the subsequent order, and the undersigned recommends the Court dismiss the Department.

### B. Mr. Lynch, Ms. Jeffries, and Ms. Meyers

Ms. Woods has not alleged that Terrance Lynch, a private actor, acted under color of state law or authority. Therefore, Defendant Lynch should be dismissed. Similarly, Ms. Woods has not alleged that Defendants Jeffries or M[e]yers, who based upon the allegations appear to be private actors, were acting under the color of state law or authority. Defendants Jeffries and M[e]yers should be dismissed as well.

### C. Judge Macek

Ms. Woods's Amended Complaint names a judge as a Defendant. Ms. Woods has failed to show Judge Macek took nonjudicial actions or took actions beyond her jurisdiction. *See Mireles*, 502 U.S. at 11. Judge Macek should be dismissed.

### D. Ms. Woods's mother and Mr. Bird

Ms. Woods appears to allege Defendants violated the rights of her mother and Mr. Bird. Doc. 6 at 20. Ms. Woods can only raise claims based upon the violation of her personal rights; she cannot raise a claim based on the rights of someone else. To the extent Ms. Woods has attempted to state a claim based on the violations of the rights of her mother or Mr. Bird, those claims should be dismissed.

### E. Mr. Lafontain

Ms. Woods attempts to allege that Larry Lafontain was ineffective in various respects. Regardless of whether Ms. Woods's allegations are sufficient to support reasonable inferences that Lafontain might have performed unreasonably, her allegations do not support a reasonable inference that she was prejudiced as a result. Ms. Woods's claims against Defendant Lafontain should therefore be dismissed.

### F. Officers Halloran and Klundt

Ms. Woods alleges that Officers Halloran and Klundt illegally and wrongfully arrested her on July 19, 2011, and she was jailed for seven days. Doc. 6 at 8. Her incarceration therefore ended on July 26, 2011. Liberally construed, Ms. Woods

allegations attempt to state a claim for a violation of her Fourth Amendment right to be free from unreasonable seizure.

Ms. Woods filed her complaint on January 7, 2015. The statute of limitations expired on July 26, 2014, three years after her incarceration ended. Ms. Woods complaint was filed nearly six months after the statute of limitations had expired. Therefore, the claims against Officers Halloran and Klundt are time barred and should be dismissed.

### G. Ms. Gettel, Ms. Grotbo, and Ms. Clark

Ms. Woods has also asserted claims against Ms. Gettel, Ms. Grotbo, and Ms. Clark. The Court has reviewed these claims with liberal construction, and with the benefit of this construction, some of the claims Ms. Woods raises against these defendants may be actionable. The Court has considered whether Ms. Woods's slander and due process claims are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Ms. Woods has a reasonable opportunity to prevail on the merits of these claims. *See* 42 U.S.C. § 1997e(g). With the benefits of liberal construction, the undersigned concludes dismissal of the claims against Ms. Gettel, Ms. Clark, and Ms. Lewis is not appropriate at this time, and they must respond to these claims.

## CONCLUSION

Ms. Woods cannot raise a claim on behalf of someone else. To the extent she attempts to raise a claim on behalf of her mother and Mr. Bird, those claims should be dismissed. Defendants Lynch, Jeffries, and M[e]yers did not act under color of state law and should be dismissed with prejudice. Defendants Department of Child and Family Services and Judge Macek are immune from suit and should also be dismissed with prejudice. Ms. Woods has failed to state a claim for ineffective assistance of counsel against Defendant Lafontain, and he should be dismissed with prejudice. The claims against Officers Halloran and Klundt are barred by the applicable statute of limitations and should be dismissed as well.

Ms. Woods may proceed with her slander and due process claims as to the remaining Defendants.

Based on the foregoing, the Court issues the following:

## ORDER

1. Service of the Amended Complaint and summons on Defendants Grotbo, Gettel, and Clark is authorized.

2. At all times during the pendency of this action, Ms. Woods must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the undersigned issues the following:

## RECOMMENDATIONS

1. To the extent Ms. Woods alleges Defendants violated the rights of her mother and Mr. James Dean Bird, Jr., those claims should be **DISMISSED** with prejudice.

2. Defendants Lynch, Jeffries, and M[e]yers are private actors who were not acting under color of state law. They should be **DISMISSED** with prejudice.

3. The Department of Child and Family Services and Judge Macek are immune from suit and should be **DISMISSED** with prejudice.

4. Ms. Woods has failed to state a claim against Defendant Lafontain. He should be **DISMISSED** with prejudice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Woods may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date this Order and Findings and Recommendations was served which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.  This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 27th day of July, 2015.

John Johnston
United States Magistrate Judge